■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD BERKOWITZ, Appellant.—Appeal from a judgment, Supreme Court, New York County, rendered May 19, 1977, after a jury trial, convicting defendant of conspiracy in the first degree, held in abeyance and the matter remanded for a hearing on the defendant's speedy trial motion. On May 19, 1977, defendant was convicted, after a jury trial, of conspiracy in the first degree. This court, in a 3 to 2 decision, reversed the conviction and dismissed the indictment, on the law, on the ground that the People had failed to establish a prima facie case of conspiracy (67 AD2d 601). The Court of Appeals reviewed and remanded this matter back to us for further proceedings in accordance with their opinion (50 NY2d 333). In that opinion the court declared (p 342) that "the evidence as to the statements and actions of defendant alone sufficed to establish a prima facie case, and thus the statements made by Alvarez and the overt acts performed by her were properly admitted against defendant. Those, when added to the other evidence of guilt, sufficed to prove defendant's guilt beyond a reasonable doubt". The Court of Appeals further observed (p 347): "As a result of our decision that the Appellate Division erred in concluding that the People had failed, as a matter of law, to make out a prima facie case of conspiracy against the defendant and our determination that the acquittal of Alvarez does not preclude defendant's conviction, there must be a reversal. Because the Appellate Division order of reversal was on the law alone, that court has not yet had an opportunity to exercise its power to review questions of fact and discretion. Accordingly, the case must be remitted to that court for such review. Should the Appellate Division conclude on remittal that there exists some reason to set aside defendant's conviction, it must then take whatever corrective action is appropriate (see CPL 470.20)". On remittal defendant argues that the trial court's charge concerning the hearsay declarations by coconspirator Alvarez were defective, that the court should have delivered limiting instructions when these declarations were introduced into evidence, and that his guilt was not proven beyond a reasonable doubt. These contentions are irrelevant. First, defendant did not object to the charge at trial, and now, for the first time on the remittal, endeavors to raise such issue. Second, the Court of Appeals has held that the People, as a matter of law, made out a prima facie case of defendant's guilt. Accordingly, having re-examined the record, we conclude that there is no reason to set aside defendant's conviction, apart from the issue of speedy trial. The speedy trial issue is delineated by the Court of Appeals as follows: "There exists, however, one further matter which warrants our consideration and which would in any case serve to prevent the Appellate Division from immediately affirming defendant's conviction on remittal even in the absence of any other reason for not doing so [p 347] * * * (s)ince the defendant alleged the existence of a delay greater than six months and the People did not provide conclusive proof of sufficient excludable periods, the court erred in denying the motion to dismiss without a full hearing. Accordingly, should the Appellate Division on remittal conclude that there exists no other reason for setting aside defendant's conviction, it nonetheless may not then

immediately affirm defendant's conviction, but must withhold final determination of the appeal pending a remittal to Supreme Court for a hearing on defendant's speedy trial motion [p 349]." On the basis of the aforesaid, and it appearing that there is no other reason for setting aside defendant's conviction, we hold the appeal on remittitur in abeyance and remand the matter to the Supreme Court for a hearing on the speedy trial motion as directed by the Court of Appeals. Concur—Murphy, P. J., Sullivan, Markewich and Lupiano, JJ.