■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY WILLIAMS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Held, J.), rendered August 7, 1978, convicting him of attempted sexual abuse in the first degree, on his plea of guilty, and imposing sentence. The appeal brings up for review, *inter alia,* the denial, after a hearing, of defendant's motion to dismiss the indictment on the ground that he was denied the right to a speedy trial in violation of CPL 30.20. Judgment affirmed. On May 4, 1977 a felony complaint was filed against defendant in the New York City Criminal Court. On May 11, 1977 he was arrested on a warrant issued pursuant to that complaint and, on May 16, 1977, the complaint was dismissed after a preliminary hearing. An indictment based on the same charges as found in the complaint was filed on October 14, 1977. Defendant was arraigned on the indictment on January 8, 1978 and, thereafter, moved for its dismissal. He contended, *inter alia,* that his right to a speedy trial under CPL 30.20 had been violated by the People's preindictment delay in prosecuting the criminal charges originally filed against him in the local criminal court. Initially, it must be emphasized that a very narrow issue is presented on this appeal, viz., was defendant's right to a speedy trial under CPL 30.20 violated by the delay in prosecuting this case, as measured from the filing of the felony complaint to that of the indictment. No issue is raised as to when the speedy trial right under CPL 30.20 attaches if, as in this case, defendant is arrested on a complaint, which is later dismissed, and an indictment based on the same charges is subsequently filed. In their arguments on appeal, both parties assumed that the criminal action commenced and the right to a speedy trial attached upon the filing of the felony complaint. (See *People v Osgood,* 52 NY2d 37; *People v Staley,* 41 NY2d 789.) The issue now before us is whether defendant's right to a speedy trial has, in fact, been violated, considering the factors that should be examined in balancing the merits of such a claim. (See *People v Taranovich,* 37 NY2d 442, 445-447.) We find that there was a five-month delay from the filing of the felony complaint to that of the indictment. This delay in prosecuting serious charges (rape in the first degree, sexual abuse in the first degree, burglary in the second degree, and criminal possession of a weapon in the fourth degree) was caused in large measure by the backlog in the office of the District Attorney created by the sudden influx of cases involving crimes committed during the 1977 New York City "blackout". Furthermore, as conceded, defendant was not incarcerated during the delay. Finally, defendant failed to show how the delay had prejudiced his defense. He merely proved that alleged alibi witnesses, who were, and always had been, available to him, could not at the time of the hearing of the dismissal motion recall the day the instant offense was committed. Defendant then simply speculated, without adducing any supporting evidence, that these witnesses would have recalled the day in question had they been required to testify sooner. Balancing all of these factors, we hold that this defendant was not deprived of his right to a speedy trial pursuant to CPL 30.20. We have examined defendant's other contentions and find them to be without merit. Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.