■ THE PEOPLE OF THE STATE OF NEW YORK Respondent, v HERMAN WATTS, Appellant. — Judgment unanimously affirmed. Memorandum: In a prior decision (*People v Watts,* 78 AD2d 1008) we held this appeal and remitted the case to Erie County Court for the purpose of conducting an evidentiary hearing on defendant's claim that he was denied his constitutional right to a speedy trial (CPL 30.20) because of an 18-month delay between defendant's arrest on August 13, 1977 and his trial on February 6, 1979. From the record previously before us we were unable to determine the reason for the delay between the granting of a preclusion order on March 28, 1978 and the trial. We now have before us the record of the speedy trial hearing which sustains the finding of County Court that, except for three weeks chargeable to the defendant and two weeks to the People, the delay during this 10-month period is attributable to "[c]ourt scheduling, assignment and delay". Of the remaining eight months of delay which preceded March 28, 1978, we find that two months were preindictment and unexplained and, as such, chargeable to the People (see *People v Staley,* 41 NY2d 789). The defendant is charged with the 45-day adjournment period requested at his arraignment on October 24, 1977, when the People answered ready for trial. Thus, there is, at most, 16 months of delay which is attributable generally to the State; a delay which is not necessarily excessive (see *People v Ganci,* 27 NY2d 418, cert den 402 US 924). A great portion of this delay is due to court scheduling, assignment and delay; an excuse which

"*weighs less heavily*" against the State (see *People v Johnson,* 38 NY2d 271, 279). The defendant was incarcerated until August 14, 1978. There is no claim, however, that the incarceration impaired his ability to prepare his defense (see *People v Taranovich,* 37 NY2d 442, 446; see, also, *People v Kelly,* 38 NY2d 633). County Court found that the pretrial delay caused the defendant to forget some of the details of the alleged crime and that because of this "memory loss, coupled with defendant's agitation during the trial", defense counsel was prompted "to alter the defense strategy by advising defendant not to testify on his own behalf to present the defense of justification." To this extent, the court found that "the delay in bringing this case to trial impaired the defense". We find, however, that the extent of the memory loss cannot be accurately assessed. The defendant never testified at the trial or the speedy trial hearing and his attorney did not specify what "details" defendant had allegedly forgotten by the time of the trial. Defendant was upset and agitated during the trial and had difficulty comprehending what was going on. He had difficulty expressing himself to his attorney who recommended that defendant "might need some additional witnesses". Thus, reasons unrelated to any claimed prejudice from delay could have motivated defendant's attorney to recommend that defendant not testify. We find that the defendant has failed to demonstrate any actual prejudice from the delay or that his defense was, in fact, impaired. After considering all of the *Taranovich* (37 NY2d 442, *supra*) factors, we find that the defendant's constitutional right to a speedy trial has not been abridged. We have examined the other issues raised by the defendant and find them to be without merit. (Resubmission of appeal from judgment of Erie County Court, Dillon, J. — assault, second degree.) Present — Hancock, Jr., J. P., Callahan, Doerr, Boomer and Schnepp, JJ.