■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROCCO MASTRANGELO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Westchester County (Walsh, J.), rendered February 8, 1983, convicting him of two counts each of robbery in the first degree, robbery in the second degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review, *inter alia*, the denial, after a hearing, of defendant's motion to dismiss the indictment on the ground that he was denied the right to a speedy trial. ¶ Judgment affirmed. ¶ We initially note that, as the hearing court found, except for a two-day adjournment, the People were at all times ready for trial from September 18, 1980, or within four months after the felony complaint was filed on May 28, 1980. Thus, once the People effectively announced their readiness for trial "the operational effect of CPL 30.30 was exhausted" (*People v Giordano,* 56 NY2d 524; *People v Moorehead,* 61 NY2d 851; *People v Hamilton,* 46 NY2d 932, 933; *People v Josefson,* 100 AD2d 630). Turning next to the defendant's argument that he was denied his constitutional right to a speedy trial, we consider the factors that should be examined in balancing the merits of such a claim (*People v Taranovich,* 37 NY2d 442, 445-447; *People v Williams,* 84 AD2d 823). Although more than two years and seven months elapsed from the date the felony complaint was filed to the date of the trial, we note that much of this time was attributable to defendant. We further note that defendant failed to sufficiently show prejudice for purposes of establishing a violation of his right to a speedy trial under CPL 30.20 (see *People v Watts,* 86 AD2d 964, 965; *People v Williams, supra*). Defendant's incarceration during part of the delay appears to be due to his failure to appear in court during the time he was released on bail. ¶ Therefore, the delay from the time of the filing of the felony complaint to the commencement of the trial for serious charges (including robbery in the first and second degrees), caused in large measure by numerous adjournments at defendant's request, did not deprive defendant of his right to a speedy trial pursuant to CPL 30.20. ¶ We further find that the hearing court properly held that, although an identification of defendant from a photo array was unnecessarily suggestive, it did not taint the subsequent in-court identification. In light of the totality of the circumstances, we find that the People produced clear and convincing evidence that the witness had an independent basis for identifying defendant (see *People v Ballott,* 20 NY2d 600; *People v Hall,* 81 AD2d 644). We have considered defendant's other contentions and find them to be without merit. Accordingly, the judgment is affirmed. Brown, J. P., Niehoff, Rubin and Eiber, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW PIPITONE, Appellant. — Judgment of the County Court, Nassau County (Baker, J.), rendered February 24, 1983, affirmed. No opinion. ¶ This case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Lazer, J. P., Mangano, Gibbons and Niehoff, JJ., concur.