■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD JOHNSON, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Edelstein, J.), rendered June 24, 1983, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

On this appeal the defendant contends that his plea should be vacated because it was not knowingly or intelligently entered. Having failed to either move to withdraw the plea prior to the imposition of sentence in the court of first instance or to move to vacate the judgment pursuant to CPL 440.10, the defendant has not preserved this issue for appellate review (see *People v Pellegrino,* 60 NY2d 636). Moreover, were we to review this issue in the interest of justice, vacatur would not be required because the plea allocution satisfied the basic requirements of *People v Harris* (61 NY2d 9).

The defendant also contends that he was not effectively represented by counsel. As noted by the Court of Appeals in *People v Brown* (45 NY2d 852, 853-854): "Generally, the ineffectiveness of counsel is not demonstrable on the main record * * * Consequently, in the typical case it would be better, and in some cases essential, that an appellate attack on the effectiveness of counsel be bottomed on an evidentiary exploration by collateral or postconviction proceeding brought under CPL 440.10".

No such proceeding was instituted by the defendant and we find no basis in the record to support the defendant's contention that he was ineffectively represented. Mollen, P. J., Titone, Bracken and Rubin, JJ., concur.