■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT LOWRY, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered October 14, 1982, convicting him of manslaughter in the first degree, upon his plea of guilty, and sentencing him to an indeterminate term of imprisonment of 8⅓ years to 25 years.

Judgment affirmed.

On this appeal, the defendant, in essence, contends that Criminal Term erroneously denied his application to dismiss the indictment on the ground that his right to a speedy trial, as guaranteed by the Federal Constitution (US Const, 6th, 14th Amdts; see *Klopfer v North Carolina,* 386 US 213) and the New York Criminal Procedure Law (CPL 30.20), was violated.

In *People v Taranovich* (37 NY2d 442, 445), the Court of Appeals stated that, "[t]he following factors should be examined in balancing the merits of an assertion that there has been a denial of defendant's right to a speedy trial: (1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay".

The *Taranovich* court, however, cautioned that "no one factor or combination of [these] factors * * * is necessarily decisive or determinative of the speedy trial claim, but rather the particular case must be considered in light of all the factors as they apply to it" (37 NY2d 442, 445, *supra*).

Balancing the factors listed above, we conclude, as did Criminal Term, that the defendant's rights to a speedy trial were not violated. Though the delay in this case, some 22 months, was

lengthy, during which time the defendant apparently was incarcerated, we note the seriousness of the underlying charge (murder in the second degree) as well as the defendant's failure to establish that his defense was impaired to any extent by the delay (see *People v Johnston,* 105 AD2d 1010; *People v Mastrangelo,* 100 AD2d 914; *People v Watts,* 86 AD2d 964, affd 57 NY2d 299; cf. *People v Johnson,* 38 NY2d 271). Moreover, as found by Criminal Term, the delay was not purposeful or the result of inadvertence (see *People v Taranovich, supra*), but, rather, was occasioned to a large extent by the prosecutor's good-faith efforts to obtain medical evidence relevant to the defendant's guilt and the refusal of a People's witness to appear in court. Delay was also attributable to "defense counsel's prior motions for dismissal of the indictment".

The defendant's second contention is that his plea of guilty to the reduced charge of manslaughter in the first degree should be vacated because the court failed to elicit a sufficient factual basis for the plea, and, further, because the court failed to sufficiently question him about his possible justification defense. However, by failing to move to withdraw the plea on either of these grounds prior to the imposition of sentence or to vacate the judgment pursuant to CPL 440.10, the defendant has not preserved these issues for appellate review (see *People v Hoke,* 62 NY2d 1022; *People v Pellegrino,* 60 NY2d 636; *People v Mattocks,* 100 AD2d 944). Were we to review these issues in the interest of justice, we would nevertheless find them to be without merit (see *People v Harris,* 61 NY2d 9; *People v Francis,* 38 NY2d 150; *People v Clairborne,* 29 NY2d 950).

The defendant's third contention is that he was inadequately represented by counsel. As noted by the Court of Appeals in *People v Brown* (45 NY2d 852, 853-854): "Generally, the ineffectiveness of counsel is not demonstrable on the main record * * * Consequently, in the typical case it would be better, and in some cases essential, that an appellate attack on the effectiveness of counsel be bottomed on an evidentiary exploration by collateral or postconviction proceeding brought under CPL 440.10". No such proceeding was instituted by the defendant and we find no basis in the record to support the defendant's contention that he was ineffectively represented (see *People v Petgen,* 55 NY2d 529; *People v Johnson,* 105 AD2d 711).

With regard to the defendant's contention that his sentence was unduly harsh and excessive, we note that the sentence was imposed in accordance with the plea agreement (see *People v La Lande,* 104 AD2d 1052; *People v Nelson,* 104 AD2d 1055; *People v Kazepis,* 101 AD2d 816). Moreover, the sentence is within the

limits prescribed by the Legislature (see Penal Law, § 70.02, subd 3, par [a]; subd 4), and no reason has been proffered which would warrant reduction of that sentence (see *People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions and conclude that they are without merit. Mollen, P. J., Bracken, O'Connor and Niehoff, JJ., concur.