■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORDOZA NORRIS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Ryan, J.), rendered December 18, 1979, convicting him of rape in the first degree (two counts) and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

On October 10, 1979, between 8:00 and 8:30 A.M., the victim in this rape case, eight years of age at the time of trial, left her house and walked to P.S. 268, which is located across the street from her home in Brooklyn. Shortly after arriving at the school building, she went outside again, and was not present when attendance was taken between 8:40 and 8:55 that morning.

Between 1:10 and 1:15 P.M. the complainant was brought into the office of the principal of her school. She was crying and had blood stains in the vaginal area of her pants. The police were summoned, the complainant gave a description of a man who had allegedly raped her twice, and led the police officers to the two-family dwelling where the second rape had occurred. Various persons were present when the police arrived at this house, and one, after being given the description, stated that the person described "sounded like Butch" (the defendant).

The defendant was apprehended at approximately 4:00 that afternoon wearing clothes matching the description given by the complainant. At trial, the complainant positively identified the defendant as the man who had twice raped her, and stated that her ordeal lasted between a half hour and an hour.

Ms. Doris Campbell, who had resided with defendant since approximately August of 1978 at the house where the second rape occurred, testified that she saw defendant entering the house with the victim at 11:30 A.M. on the day of the rape. Similarly, Ms. Karen Crawley, also a resident of the house in which the second rape occurred, testified that she saw defendant leave the house at approximately 9:15 A.M., but that he had returned about an hour later. Ms. Crawley also testified that she saw him again at about 12:00 noon with the victim.

The victim's testimony that defendant attempted to stop her from bleeding after he raped her by using a towel was corroborated by proof that human blood appeared on linoleum tiles as

well as a towel taken from the house after the crime. Finally, a police officer testified that after defendant was arrested, he admitted he had taken a little girl to his room on the day of the rape, although he denied having raped her.

Linda Daniels, a defense witness, testified that she was with the defendant on the date of the crime from 9:10 A.M. when they left his home, until almost 10:30 A.M., when she boarded a bus at the Port Authority bus terminal. Though this testimony, if believed, placed defendant at a location other than the scene of the crime until approximately 10:30 A.M., he could nevertheless be found guilty of the crimes charged because Ms. Crawley's and Ms. Campbell's testimony placed defendant with the victim at 12:00 noon and 11:30 A.M., respectively.

On this appeal, defendant contends that his trial counsel's failure to request a jury charge regarding the alibi defense he alleges was established by Ms. Daniels' testimony or to comment on such testimony in his summation were errors so fundamental as to deprive defendant of his right to the effective assistance of counsel guaranteed by the Federal and State Constitutions (US Const, 6th, 14th amends; NY Const, art I, § 6). We disagree.

In *People v Baldi* (54 NY2d 137, 146-147), the Court of Appeals stated that,

"[t]he right to the effective assistance of counsel is guaranteed by both the Federal and State Constitutions (US Const, 6th Amdt; NY Const, art I, § 6). What constitutes effective assistance is not and cannot be fixed with yardstick precision, but varies according to the unique circumstances of each representation * * *

"Our most critical concern in reviewing claims of ineffective counsel is to avoid both confusing true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis. It is always easy with the advantage of hindsight to point out where trial counsel went awry in strategy. But trial tactics which terminate unsuccessfully do not automatically indicate ineffectiveness. So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" (*accord, People v Smith*, 59 NY2d 156, 166).

Last year, however, the Supreme Court, in *Strickland v Washington* (466 US __, __, 104 S Ct 2052, 2064), stated the test of ineffective assistance as follows: "First, the defendant must show that counsel's performance was deficient. This requires

showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable."

Assuming that a substantive difference exists between these tests (*see, People v Lundry,* 104 AD2d 384, 385), we conclude that, under the circumstances at bar, counsel's failure to emphasize what at best was a partial alibi cannot be said to be ineffective assistance under either the *Strickland* test or the "meaningful representation" standard of *Baldi (supra).*

We note that the record in this case is silent as to the reason or reasons for counsel's failure to emphasize the alibi. We can only speculate that, given the apparent weakness in that defense, counsel, as a matter of trial strategy, chose not to emphasize it. In this regard, the observations of the Court of Appeals in *People v Brown* (45 NY2d 852, 853-854) are particularly apt: "Generally, the ineffectiveness of counsel is not demonstrable on the main record * * *· Consequently, in the typical case it would be better, and in some cases essential, that an appellate attack on the effectiveness of counsel be bottomed on an evidentiary exploration by collateral or postconviction proceeding brought under CPL 440.10" (*see also, People v Johnson,* 105 AD2d 711). Suffice it to say that losing trial tactics ordinarily are not sufficient to establish ineffective assistance of counsel (*see, People v Baldi, supra*).

We have reviewed the defendant's remaining contentions which have been properly preserved for our review and find them to be without merit. With regard to those issues which have not been preserved we decline to exercise our jurisdiction to review them in the interest of justice. Mollen, P. J., Mangano, O'Connor and Lawrence, JJ., concur.