■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN O'SHAUGHNESSY, Appellant.—Appeals by the defendant

from two judgments of the Supreme Court, Westchester County (Dachenhausen, J.), both rendered October 26, 1984, convicting him of kidnapping in the second degree, sodomy in the first degree, criminal use of a firearm in the first degree, unlawful imprisonment in the first degree, coercion in the first degree, tampering with a witness in the third degree and criminal possession of a weapon in the fourth degree (under indictment No. 83-00309), and criminal solicitation in the second degree (under indictment No. 83-00749), upon his pleas of guilty, and imposing sentences. The appeals bring up for review the denial of that branch of the defendant's pretrial motion which sought dismissal of the indictments on constitutional speedy trial grounds.

Judgments affirmed.

It cannot be said that the defendant's constitutional right to a speedy trial was violated, where (1) the delay was not so lengthy as to be violative of his right per se, (2) much of the delay was not within the prosecutor's control, and a reasonable explanation was offered for that period of the delay which was directly caused by the People, (3) the defendant was responsible for some of the delay, and (4) he failed to demonstrate any actual impairment of his defense as a result of the delay *(see, People v Watts,* 57 NY2d 299; *People v Taranovich,* 37 NY2d 442; *People v Lowry,* 107 AD2d 716). Therefore, the court properly denied the branch of defendant's motion which was to dismiss the indictments on that basis. Mangano, J. P., Gibbons, Niehoff and Kunzeman, JJ., concur.