■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY TISDALE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered February 17, 1984, convicting him of attempted robbery in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review (1) the denial, after a hearing (Moskowitz, J.), of that branch of the defendant's omnibus motion which was to suppress certain identification testimony by the complainant and (2) the denial, after a hearing (Hellenbrand, J.), of the defendant's motion to dismiss the indictment on speedy trial grounds.

Ordered that the judgment is affirmed.

The defendant contends that his statutory right to a speedy trial (CPL 30.30) was abridged by the People's failure to announce their readiness for trial within six months of the commencement of the criminal proceeding, less excludable periods. Once the defendant shows delay greater than six months, the burden of proving excludability falls on the People (see, People v Berkowitz, 50 NY2d 333, on remand 78 AD2d 621). Initially, we note that the hearing court improperly relied on calendar notations to assess the excludability of certain periods (see, People v Berkowitz, 50 NY2d 333, supra). Nevertheless, we find that the defendant was not denied his statutory right to a speedy trial since a review of the minutes of court appearances and the defendant's concessions indicates that the People were ready for trial within the statutory time limit. Nor do we find any violation of the defendant's constitutional right to a speedy trial (see, CPL 30.20; People v O'Shaughnessy, 118 AD2d 876, lv denied 68 NY2d 759).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that the evidence was legally sufficient to establish the defendant's

guilt. While the complainant initially picked someone other than the defendant out of the photo array, he later telephoned the detective in charge and stated that he had picked that photo because the man was wearing clothes similar to those worn by the perpetrator. In viewing a subsequent photo array, the complainant picked the defendant immediately. Further, the complainant's initial equivocation at the lineup did not render that procedure improper, since the complainant indicated that the individual he ultimately picked was definitely the perpetrator. Moreover, these purported discrepancies were fully explored at trial so that the jury could fully pass upon the reliability of the identification (see, People v Neese, 138 AD2d 531). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of evidence (CPL 470.15 [5]).

Finally, the trial court did not abuse its discretion by directing that the imposed sentence was to run consecutively to a sentence previously imposed upon an unrelated manslaughter conviction, and appellate modification of the sentence imposed is not otherwise warranted (see, People v Suitte, 90 AD2d 80). Bracken, J. P., Brown, Lawrence and Spatt, JJ., concur.