■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN SUTTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Felig, J.), rendered June 27, 1989, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's identity as the drug seller beyond a reasonable doubt. The defendant contends that the testimony of the People's witnesses was not credible, due, in part, to inconsistencies and the lack of corroboration, and that it therefore should not have been accepted by the jury. However, resolution of issues of credibility as well as the weight to be accorded the evidence presented are primarily questions to be determined by the jury which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]; People v Tisdale, 141 AD2d 583, 584).

Contrary to the defendant's further contentions, the trial court, in imposing sentence, did not consider inappropriate factors (see, People v Pena, 50 NY2d 400, 411-412, cert denied 449 US 1087; People v Norfleet, 146 AD2d 812, 813; People v Cunningham, 153 AD2d 700; People v Marrero, 110 AD2d 785, 786), and we find no basis to modify the sentence imposed. Bracken, J. P., Lawrence, Rosenblatt and Ritter, JJ., concur.