■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY R. SHAFER, Appellant.—Judgment unanimously af-

firmed. Memorandum: We reject defendant's contention that he was denied his constitutional right to a speedy trial *(see,* CPL 30.20). Although nearly 23 months elapsed between defendant's arrest and his trial date, the record demonstrates that most of that time was attributable to court scheduling and delay in addressing his suppression motion, "an excuse which *'weighs less heavily'* against the State" *(People v Watts,* 86 AD2d 964, 964-965, *affd* 57 NY2d 299; *see, People v Johnson,* 38 NY2d 271, 279). Moreover, defendant was not incarcerated during the delay, and he has failed to establish any substantial prejudice resulting from the delay. After considering all of the relevant factors *(see, People v Taranovich,* 37 NY2d 442, 445), we find that defendant's constitutional rights were not abridged *(see, People v Watts, supra).*

We have examined defendant's other contention and find it to be without merit. (Appeal from Judgment of Steuben County Court, Finnerty, J.—Felony Driving While Intoxicated.) Present—Dillon, P. J., Doerr, Lawton, Lowery and Davis, JJ.