■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL MARTINEZ, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: Evaluating the circumstances of this case in light of the five factors identified by the Court of Appeals in *People v Taranovich* (37 NY2d 442, 445), we reject defendant's contention that the trial court erred in denying his motion to dismiss the indictment for violation of his constitutional right to a speedy trial *(see,* CPL 30.20) because of preindictment delay. Although 15 months elapsed between the date of the first drug sale, which is a subject of the indictment, and the date that defendant was indicted, the delay was attributable to the existence of an ongoing undercover drug investigation and the threat to those involved in the investigation if defendant were immediately arrested. Moreover, there was no extended pretrial incarceration of defendant and the crimes that defendant was charged with were serious in nature. Finally, counsel's conclusory allegations that defense witnesses might be unavailable to testify failed to show that the defense was prejudiced by preindictment delay *(see, People v Shafer,* 175 AD2d 564, 565; *People v Bobbit,* 155 AD2d 892, *lv denied* 75 NY2d 810). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Callahan, J. P., Green, Balio, Davis and Doerr, JJ.