■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAL MCNEIL, Appellant. [635 NYS2d 291] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered July 8, 1993, convicting him of assault in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The present criminal proceeding was commenced on April 29, 1991. On June 7, 1991, the defendant was arraigned on the indictment and the People filed a statement of readiness. In May 1993, the defendant moved to dismiss the indictment on the ground that he had been deprived of his right to a speedy trial. The defendant claimed that the People were not ready for trial on the following days: (1) 62 days from April 29, 1991, to July 1, 1991, when the defendant was assigned counsel, (2) 56 days from October 15, 1991, until December 10, 1991, (3) 23 days from January 14, 1992, to February 6, 1992, (4) 29 days from September 15, 1992, to October 14, 1992, (5) 7 days from February 25, 1993, to March 4, 1993, and (6) 31 days from April 7, 1993, to May 8, 1993, for a total of 208 days, 25 days in excess of the 183 days within which the People were required to be ready for trial (see, CPL 30.30 [1]).

Since the People filed their statement of readiness on June 7, 1991, at the defendant's arraignment on the indictment, 169 days of the delay is post-readiness delay, which can be charged to the People "only when the cause of the delay directly implicates the People's ability to proceed with trial" (People v Cortes, 80 NY2d 201, 210).

The court based its denial of the defendant's motion in part, on calendar notations (see, People v Berkowitz, 50 NY2d 333). However, the transcripts of the minutes of the proceedings on most of the dates in question have been submitted to this Court. Upon reviewing those minutes (see, People v Tisdale, 141 AD2d 583), it is apparent that the defendant's contention that he has been deprived of a speedy trial is without merit.

The adjournment from June 7, 1991, when the defendant was arraigned and the People announced their readiness for trial, until July 1, 1991, was attributable to the defendant's lack of representation by counsel, which "did not affect the People's ability to present their own case and, consequently, did not affect their 'readiness' as that term is used in CPL 30.30 analysis" (People v Cortes, supra, at 210). Further, the

delay from September 15, 1992, until October 14, 1992, was attributable to the discovery motions made by the codefendant and in which the defendant joined. Since the exclusion of those periods places the delay that the defendant claims is attributable to the People at less than 183 days, we need not consider the remainder of the delay or direct a hearing on the defendant's motion (*see, People v Scarpinito,* 186 AD2d 160; *see also, People v Santos,* 68 NY2d 859).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review (*see,* CPL 470.05 [2]), without merit, or do not require reversal. Balletta, J. P., Thompson, Joy and Goldstein, JJ., concur.