■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW DALE BLIM, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered May 13, 1976, upon a verdict convicting the defendant of the crimes of burglary in the third degree and petit larceny. Following a jury trial, defendant was convicted of (1) burglary in the third degree and sentenced, as a second felony offender, to an indeterminate term of imprisonment of not less than three and one-half nor more than seven years, and (2) petit larceny and sentenced to a term of one year, the terms to run concurrently. We find no merit to defendant's first contention that he was denied a *Huntley* hearing as to the voluntariness of his admission, and was deprived of his right to effective representation by counsel. A *Huntley* hearing was held at which the defendant was represented by assigned counsel. The record discloses that the police officer testified that he told the defendant that if he co-operated he would be charged with only one burglary instead of several that he could be accused of. This testimony was not refuted at the hearing and no other testimony was offered by the defendant as to the circumstances surrounding defendant's oral admission of guilt made to the police officer, and the motion to suppress his oral statements was denied. Thereafter the defendant retained counsel of his choice and the defendant again requested a hearing on the issue of the voluntariness of his admissions, which request was denied. The defendant claimed at the trial, and contends on this appeal, that he was told by the police officer that he would not be prosecuted for *any* crime if he would co-operate with the authorities. There has been no showing that defendant communicated to his first attorney what he now claims, or that the attorney was even aware of it. Nor is it alleged that any new facts, not previously within the knowledge of the defendant, have come to light so as to justify a second *Huntley* hearing (CPL 255.20, subd 3). In any event, the question of the voluntariness of defendant's admissions was properly presented to the jury for its consideration, and defendant's contentions were rejected (CPL 710.70, subd 3). Under the principles enunciated in *People v Sandoval* (34 NY2d 371), we find no error on the part of the trial court in permitting cross-examination of the defendant regarding prior similar criminal or illegal acts committed by him. "The extent to which disparaging questions, not relevant to the issues, but bearing on the credibility of a witness, may be put upon cross-examination is discretionary with the trial court and its rulings are not subject to review, unless it clearly appears that the discretion has been abused [citations omitted]" *(People v Duffy,* 36 NY2d 258, 262-263). In the instant case, the defendant chose to testify on the trial without seeking a ruling in advance of trial as to whether proof of prior commission by him of specific criminal, vicious, or immoral acts could properly be used in the prosecution. Thus, he may be cross-examined concerning any such acts or conduct on his part which have a bearing on his credibility as a witness, provided the prosecutor questions in good faith and upon a reasonable basis in fact, and it is not an attempt to establish the guilt of the defendant of the crime charged by proof of his criminal bent *(People v Duffy, supra; People v Sandoval, supra).* The record reveals that the cross-examination of the defendant as to prior burglaries committed by him clearly meets this test, and was, therefore, permissible. The contentions that the trial court should

have charged a lesser included offense, and that the prosecution of the defendant was a selective one, in violation of his right to due process, find no support in the record and do not merit discussion. As to the claim that the sentence was excessive, it is noted that the defendant was sentenced as a second felony offender following a hearing afforded to him for the purpose of challenging his predicate felony conviction. Since we find no abuse of discretion by the trial court in imposing the sentence in question, we may not disturb it *(People v Dittmar,* 41 AD2d 788). We observe, finally, that if it could be said that any error was committed below, in the light of the overwhelming proof of defendant's guilt, the error must be considered harmless within the guidelines of *People v Crimmins* (36 NY2d 230). Judgment affirmed. Koreman, P. J., Greenblott, Sweeney, Kane and Mahoney, JJ., concur.