■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RILEY ROBINSON, Also Known as RILEY ROBERTSON, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered July 12, 1977, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree and sentencing him to an indeterminate term of imprisonment of eight and one-third years to life. Defendant was convicted upon a charge of selling heroin to one George Cesario, Jr., a police informant, on the 19th day of November, 1976 at approximately 8:00 A.M. On this appeal defendant urges that it was reversible error for the trial court to deny his motion for an order dismissing the indictment on the ground that the prosecution was barred by reason of a previous conviction for a different sale to the same informant. A previous indictment, which also resulted in a conviction, alleged that the defendant on or about the 17th day of November, 1976, at approximately 8:08 A.M., sold heroin to one George Cesario, Jr., the police informant. The two sales to the same person at the same place were 48 hours apart. As such, they constituted separate and distinct offenses *(People v Paul,* 37 NY2d 100). The separate offenses were not so closely related or connected in point of time and circumstance as to constitute a single criminal incident and, thus, CPL 40.20 (subd 2) is inapplicable. On the conviction for the first sale, the trial court imposed a sentence of seven years to life and on the second conviction for the second sale, some 48 hours later to the same informant, the trial court imposed a sentence of eight and one-third years to life. Discretion in the imposition of sentence rests with the trial court and should not be disturbed unless there is a clear abuse of discretion *(People v Thiel,* 25 NY2d 926; *People v West,* 52 AD2d 968). The sentence imposed was legally permissible and on such facts we find no abuse of discretion. The defendant's remaining contention is that the District Attorney's summation was so prejudicial, improper and inflammatory as to require a reversal. We have examined the record herein and find that contention to be without merit, especially in view of the trial court's prompt and proper ruling in that regard. Judgment affirmed. Sweeney, J. P., Staley, Jr., Main, Larkin and Mikoll, JJ., concur.