■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK GREENBLATT, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered October 20, 1978, convicting him of reckless endangerment in the first degree, upon his plea of guilty, and imposing sentence. Judgment reversed, on the law, plea vacated, and case remanded to Criminal Term for further proceedings consistent herewith. The defendant's statements to the court during the change of plea proceedings that he fired his weapon neither "in the vicinity" nor "in the direction" of the complainant but into an empty van about 50 feet away from the latter did not constitute an admission of the crime of reckless endangerment in the first degree under section 120.25 of the Penal Law. A sufficient factual foundation was not laid for the acceptance of the defendant's plea to such crime, and, under such circumstances, it was incumbent upon the court not to proceed without advising him that his statements did not

amount to an admission of the crime to which he was pleading, and, further, inquiring of him whether he, nevertheless, wished to plead guilty for the purpose of avoiding the risk of a verdict convicting him of a more serious crime alleged in the indictment. (See *People v Serrano,* 15 NY2d 304; *People v Cullen,* 57 AD2d 903; *People v Crawley,* 42 AD2d 586.) Where, as here, the defendant cast doubt upon his guilt of the crime to which he was pleading, the court was required to offer him an opportunity to withdraw his plea. (See *People v Nixon,* 21 NY2d 338.) Applications by defendant's counsel to withdraw his client's plea were improperly denied by the court on October 12, 1978, and on October 20, 1978 when the defendant appeared for sentencing. Defendant's claim that he was denied the effective assistance of counsel is found to be without merit. Mollen, P. J., Titone, Mangano and Gibbons, JJ., concur.