■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE CRIDELLE, Appellant.—Appeal from a judgment of the County Court of Schenectady County, rendered December 27, 1978, upon a verdict convicting defendant of the crimes of sodomy in the first degree, assault in the second degree and sexual abuse in the first degree. Defendant was charged by indictment with having committed the crimes of attempted rape in the first degree, sodomy in the first degree, kidnapping in the second degree, and two counts of assault in the second degree. At the close of the evidence, the trial court dismissed the kidnapping charge and one of the assault charges. The court, however, submitted the remaining charges and a charge of sexual abuse in the first degree, as a lesser included offense, to the jury. Defendant was found guilty on the charges of sodomy, assault and sexual abuse. He was sentenced to concurrent terms of 8 to 16 years on the sodomy charge and 3½ to 7 years on both of the other charges. This appeal ensued and defendant raises several issues urging reversal. We find no merit to defendant's contention that the court erred in overruling his objection to cross-

examination regarding a prior assault conviction. The defendant elected to testify and, while he had a *Sandoval* hearing and the court excluded two other prior convictions, no request to exclude proof concerning the prior assault was made. Under such circumstances, defendant could be cross-examined in good faith and upon a reasonable basis in fact concerning conduct on his part which has a bearing on his credibility as a witness, provided it is not an attempt to establish defendant's guilt of the crimes charged by proof of his criminal bent *(People v Blim,* 58 AD2d 672). We are of the view that these criteria were satisfied in the present case and, therefore, the cross-examination was proper. We also reject defendant's contention that the court erred in failing to grant his motion for dismissal of the charge of attempted rape in the first degree. An examination of the record demonstrates that there was ample evidence to justify the submission of this charge to the jury, together with the lesser included offense of sexual abuse in the first degree. Finally, we are unable to agree with defendant that the sentence was excessive. It was well within the circumscriptions of section 70.06 of the Penal Law and no clear abuse of discretion is evident. Consequently, the sentence should not be disturbed *(People v Robinson,* 65 AD2d 896; *People v Nopper,* 58 AD2d 698). We have considered all other arguments urged by defendant and find them unpersuasive. The judgment should be affirmed. Judgment affirmed. Mahoney, P. J., Seeney, Kane, Main and Herlihy, JJ., concur.