■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT NASTI, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered February 4, 1980, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. Defendant's contention that Criminal Term erred in accepting his plea of guilty to robbery in the first degree without, in view of his assertion that he used a "toy gun" to commit the crime, informing him of the availability of an affirmative defense, under subdivision 4 of section 160.15 of the Penal Law, which, if established at a trial, could result in conviction of a lesser degree of robbery, was not preserved for appellate review by reason of his failure to move to withdraw his plea prior to sentence (see *People v Warren,* 47 NY2d 740; *People v Pascale,* 48 NY2d 997; *People v Mitchell,* 78 AD2d 608; *People v Ebron,* 87 AD2d 653). Defendant, with the advice of his counsel freely bargained for the instant plea in full satisfaction of an indictment charging not only the crime pleaded to, but also an additional count of robbery in the first degree and another indictment charging robbery in the second degree, charges which exposed him, as a predicate felon, to a far lengthier sentence than the indeterminate term of imprisonment of 7½ to 15 years imposed. Under such circumstances, the interest of justice does not require a modification of the sentence (see *People v Mitchell, supra*). Lazer, J. P., Mangano, Gibbons and Weinstein, JJ., concur.