■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT STEIN, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN D. COLLINS, Appellant. — Appeal from two judgments of the County Court of Clinton County (Goldman, J.), rendered September 29, 1982, upon a verdict convicting defendants of the crime of criminal possession of stolen property in the second degree. Defendants Collins and Stein were indicted, tried and convicted of the crime of criminal possession of stolen property in the second degree. Between 6:00 P.M. Saturday, April 3, 1982, and the opening for business on the following Monday morning, April 5, 1982, Labarre's Meat Market in the City of Plattsburgh was burglarized. Approximately 68 hams having an average value of about $30 each were stolen from the market's meat cooler. On the evening of April 4, 1982 and the early morning of April 5, 1982, defendants were in Wylla's Bar in Plattsburgh selling hams of the same brand as those stolen for $5 each. The two defendants were seen carrying boxes of the hams into the bar and were described as having participated in the sale of the hams with another bar patron, one Mike Rascoe, who was not charged. Defendants' separate claims on their respective appeals that the trial court committed reversible error in its charge concerning "circumstantial evidence", "recent and exclusive possession" of the stolen hams and the definition of "actual knowledge" are without merit. Defendants' contention that the court must instruct the jury that the facts proved must exclude to a "moral certainty" every reasonable hypothesis of innocence has been rejected by the Court of Appeals. Any charge which, in substance, adequately informs the jury as to the burden of proof in a circumstantial evidence case is acceptable (*People v Morris,* 36 NY2d 877; *People v Bell,* 94 AD2d 894). The charge here, taken in its entirety, met that standard. The trial court, in charging the jury that "the recent and exclusive possession of the fruits of crime if unexplained or falsely explained, will justify the inference that the possessor is the criminal", did not improperly shift the burden of proof in violation of the constitutional standards set forth in *Barnes v United States* (412 US 837). The instruction upheld by the court in *Barnes* is almost identical to the one given here (*supra,* at pp 839-840; see, also, *People v Peters,* 43 AD2d 599). The court's definition of "actual knowledge" was not improper. In no way did the trial court's charge imply, as defendants argue, that the jury should substitute a negligence standard for the element of actual knowledge. Defendant Collins next argues that he was improperly questioned about traffic violations and misdemeanors. However, his attorney never specifically requested the court to rule on these convictions. He, therefore, could be cross-examined on them since they were reasonably connected with his credibility as a witness (see *People v Duffy,* 36 NY2d 258; *People v Blim,* 58 AD2d 672). Defendants' argument that the prosecutor improperly elicited evidence from two prosecution witnesses about other meats — hot dogs and sirloin beef tips — which had also been stolen from Labarre's is rejected. Evidence of uncharged crimes, although generally inadmissible to prove a defendant's predisposition to commit the crime charged, may be admitted to prove another fact essential to the People's case such as the identity of the guilty party (*People v Allweiss,* 48 NY2d 40, 46-47; *People v Molineux,* 168 NY 264, 313). This evidence, which sought to connect defendants to the secondary meats for identity purposes, was, therefore, properly admitted. We find no error in the admission at trial of Detective Rotella's testimony, given on rebuttal, that defendant Collins had stated that there was a "code" between him and defendant Stein whereby no questions were asked

concerning the origin of the hams. These remarks of Collins were properly admitted to impeach a statement which Collins made on the stand to the effect that the hams had come from a dumpster (see *Harris v New York,* 401 US 222, 225). Moreover, any *Miranda* infirmity becomes irrelevant once a particular statement is found appropriate for impeachment purposes (*People v Wise,* 46 NY2d 321, 329; see, also, *People v Savage,* 50 NY2d 673). Defendant Collins' claim that his sentence of from two to four years' imprisonment as a second felony offender was so severe as to constitute an abuse of the discretion vested in the sentencing court is rejected. The sentence is within the permissible limits (Penal Law, § 70.06, subds 3, 4) and we find no reason to disturb the discretion exercised by the court. Finally, we have examined defendants' other claims of reversible error and find them unpersuasive. The judgment of conviction against each defendant should be affirmed. Judgments affirmed. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.