■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT KANE, Appellant. — Appeal by defendant, as limited by his brief, from a sentence of the County Court, Suffolk County (Lamont, J.), imposed July 15, 1982, upon his conviction of burglary in the third degree, insofar as it denied his application for youthful offender treatment. ¶ Sentence affirmed, insofar as appealed from. ¶ Since defendant had been previously adjudicated a youthful offender following his conviction of a felony, he was ineligible for youthful offender treatment following his subsequent conviction of the instant crime of burglary in the third degree (see CPL 720.10, subd 2, par [c]; *People v Green,* 75 AD2d 625). In any event, even if defendant was eligible, his record and background would support the denial of youthful offender treatment. Mollen, P. J., Titone, Lazer and Mangano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCELLUS LAWRENCE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered October 28, 1981, convicting him of robbery in the second degree and criminal possession of a weapon in the third degree, upon a plea of guilty, and imposing sentence. ¶ Judgment affirmed. ¶ By failing to make a motion to withdraw the plea, defendant has failed to preserve the issue of the sufficiency of the allocution for appellate review (see, e.g., *People v Pellegrino,* 60 NY2d 636; *People v Asep,* 97 AD2d 798; *People v Collins,* 97 AD2d 859). Review in the interest of justice is not warranted (cf. *People v Diaz,* 97 AD2d 851) as the allocution met the minimum requirements of *People v Harris* (61 NY2d 9; see, also, *People v Fishon,* 97 AD2d 773). Defendant's *pro se* claims concerning the adequacy of counsel involve matters dehors the record and, thus, are more properly the focus of collateral proceedings (see *People v Drummond,* 99 AD2d 760). Mollen, P. J., Titone, Lazer and Mangano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD MAC-KENZIE, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Lawrence, J.), rendered March 4, 1983, convicting him of kidnapping in the second degree and attempted robbery in the second degree, upon a plea of guilty, and imposing sentence. ¶ Judgment affirmed. ¶ The issue of the adequacy of defendant's plea allocution is raised for the first time on this appeal and has therefore not been preserved for our review (*People v Pellegrino,* 60 NY2d 636). Under the circumstances of this case, the interest of justice does not impel reversal (cf. *People v McKenzie,* 88 AD2d 646). Thompson, J. P., Weinstein, Brown and Eiber, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN MATTOCKS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Richmond County (Owens, J.), rendered September 22, 1980, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence. ¶ Judgment affirmed. ¶ On this appeal, the defendant contends, *inter alia,* that he should be relieved of his plea of guilty because of the court's failure to expressly advise him of his right to present witnesses in his behalf if he were to go to trial on the indictment (see *Boykin v Alabama,* 395 US 238). However, by failing to make application to the court of first instance to withdraw his plea or vacate the judgment of conviction, the defendant has not preserved for appellate review the issue of the plea allocution's sufficiency (see *People v Pellegrino,* 60 NY2d 636; *People v Thomas,* 74 AD2d 317, 319-320, affd 53 NY2d 338). Moreover, review in the interest of justice would not result in vacatur of the plea as the record discloses that the allocution, at the very least, satisfied the requirements of *People v Harris* (61 NY2d 9). ¶ We have examined defendant's remaining contention and find it to be without merit. Mollen, P. J., Titone, Lazer and Mangano, JJ., concur.