■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMIE ORTIZ, Appellant. — Appeal by defendant from a judg-

ment of the Supreme Court, Kings County (Kuffner, J.), rendered November 11, 1983, convicting him of murder in the second degree (two counts), upon his plea of guilty, and sentencing him to 15 years to life in prison.

Judgment modified, on the law, to the extent of sentencing defendant to concurrent terms of imprisonment of 15 years to life on each of the murder counts. As so modified, judgment affirmed.

On this appeal the defendant contends that his plea of guilty should be vacated because he was not advised of his right to present witnesses and his right to testify on his behalf. Having failed to either move to withdraw the plea on this ground prior to the imposition of sentence or to move to vacate the judgment pursuant to CPL 440.10, the defendant has not preserved for appellate review the issue of the plea allocution's sufficiency (see *People v Hoke,* 62 NY2d 1022; *People v Pellegrino,* 60 NY2d 636; *People v Mattocks,* 100 AD2d 944). Moreover, were we to review this issue in the interest of justice, vacatur would not be required because the allocution satisfied the basic requirements of *People v Harris* (61 NY2d 9). The defendant's contention that his sentence was excessive and unduly harsh must be rejected since it was the minimum sentence available under the law (see Penal Law, § 70.00, subd 3, par [a], cl [i]). However, the sentence must be modified to the extent indicated to reflect the sentencing court's intent, viz., concurrent terms of imprisonment of 15 years to life on each count. Mollen, P. J., Titone, Bracken and Rubin, JJ., concur.