■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENNIE HARRIS, JR., Appellant. — Appeals by defendant from two judgments of the Supreme Court, Richmond County (Barlow, J.), both rendered February 9, 1979, convicting him of two counts of robbery in the first degree, upon his pleas of guilty, and imposing sentences. By decision and order of this court, both dated April 2, 1984 (*People v Harris,* 100 AD2d 853), the judgments were affirmed, but, by order dated July 6, 1984, this court granted reargument.

Upon reargument, judgments modified, as a matter of discretion in the interest of justice, by reducing the convictions to two counts of robbery in the second degree, and sentences vacated. As so modified, judgments affirmed, and matter remitted to the Supreme Court, Richmond County, for resentencing. The order of this court dated April 2, 1984 is amended accordingly.

As we stated in our decision of April 2, 1984, the defendant's failure to withdraw his pleas prior to sentence did not preserve for appellate review the defendant's argument that he did not properly admit to all the elements of the crimes of robbery in the first degree (see *People v Harris, supra; People v Pellegrino,* 60 NY2d 636; *People v Pascale,* 48 NY2d 997; *People v Vicks,* 91 AD2d 1052; *People v Nasti,* 90 AD2d 507).

However, the People have indicated their consent to modification of the defendant's convictions from robbery in the first degree to robbery in the second degree. During the plea colloquy defendant raised a possible affirmative defense to robbery in the first degree. Therefore, the court should have conducted a further inquiry (see *People v Serrano,* 15 NY2d 304; *People v Hassan,* 79 AD2d 713; *People v Royster,* 91 AD2d 1074). Since the People have indicated their consent to modification of the

defendant's convictions to robbery in the second degree, such modification is proper under the circumstances (see *People v Royster, supra; People v Waddell,* 66 AD2d 807). Titone, J. P., Rubin, Boyers and Eiber, JJ., concur.