■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JOHNSON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered May 5, 1983, convicting him of sexual abuse in the first degree, upon his plea of guilty, and sentencing him to a term of imprisonment of 3½ to 7 years.

Judgment affirmed.

Defendant did not raise his objections to the sufficiency of his plea allocution to the court of first instance. Therefore, defendant has failed, as a matter of law, to preserve his claim for appellate review (see *People v Pellegrino,* 60 NY2d 636; *People v Warren,* 47 NY2d 740).

In any event, we find that defendant's allocution established the requisite elements of sexual abuse in the first degree. Even assuming, *arguendo,* that the factual recitation was somewhat

incomplete, defendant's plea is not deficient as it appears from the record that the court made sufficient inquiry and that defendant knowingly, voluntarily and intelligently pleaded guilty (see *People v Harris,* 61 NY2d 9; *People v Santiago,* 100 AD2d 857). As defendant was represented by competent counsel, made no effort to withdraw his plea, and does not protest his innocence, reversal in the interest of justice is not warranted.

We reject defendant's contention that the mandatory sentencing provisions for second violent felony offenders of section 70.04 of the Penal Law violate the Eighth Amendment's prohibition against cruel and unusual punishment, either on the face of the statute or as applied to defendant (see *Rummel v Estelle,* 445 US 263; *People v Kepple,* 98 AD2d 783; *People v Caver,* 74 AD2d 852; *People v Velasquez,* 107 AD2d 726). Moreover, the sentence imposed upon defendant was the result of plea negotiations and reflects the serious nature of his crime and his extensive criminal record. Under these circumstances, the sentencing court did not abuse its discretion by imposing a sentence of 3½ to 7 years (see *People v Kazepis,* 101 AD2d 816; *People v Suitte,* 90 AD2d 80). Mollen, P. J., Bracken, O'Connor and Niehoff, JJ., concur.