■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIA VELASQUEZ, Appellant. — Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered July 14, 1983, convicting her of manslaughter in the first degree, upon her plea of guilty, and sentencing her to an indeterminate term of imprisonment of 10 to 20 years.

Judgment affirmed.

On this appeal, the defendant contends that her plea of guilty should be vacated because she was not advised at the taking of the plea of her "rights to cross-examine the People's witnesses and to make the People prove her guilt beyond a reasonable doubt to a unanimous jury". Having failed either to move to withdraw her plea on this ground prior to the imposition of sentence or subsequent thereto pursuant to CPL 440.10, the defendant has not preserved for appellate review the sufficiency of the plea allocution (see CPL 470.05, subd 2; *People v Hoke,* 62 NY2d 1022; *People v Pellegrino,* 60 NY2d 636; *People v Mattocks,* 100 AD2d 944; *People v Ortiz,* 105 AD2d 809). Moreover, were we to review this issue in the interest of justice, vacatur would not be required because the allocution satisfied the requirements of *People v Harris* (61 NY2d 9).

With regard to the defendant's contention that the second felony offender statute (see Penal Law, § 70.06) is unconstitutional, we note that this issue, too, has not been preserved for our review (see *People v Oliver,* 63 NY2d 973; *People v Cates,* 104 AD2d 895). In any event, this identical issue has previously been rejected (see *People v Thompson,* 105 AD2d 762; *People v Rembert,* 105 AD2d 717; *People v Vasquez,* 104 AD2d 1012; *People v Cates, supra*), and no reason to depart from these rulings has been proffered to us by the defendant. Similarly, any claim that the sentence imposed is disproportionate to the crime for which the defendant stands convicted must be rejected under the circumstances presented herein (see *United States v Ortiz,* 742 F2d 712).

Finally, there is no merit to the defendant's claim that her sentence, which was imposed in accordance with the plea agreement (see *People v La Lande,* 104 AD2d 1052; *People v Nelson,* 104 AD2d 1055; *People v Kazepis,* 101 AD2d 816), was unduly harsh and excessive. Moreover, we find no basis to modify the sentence in the interest of justice (see *People v Suitte,* 90 AD2d 80). Mollen, P. J., Bracken, O'Connor and Niehoff, JJ., concur.