■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER M. YARRISH, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered July 15, 1982, convicting him of criminal use of a child in a sexual performance, upon his plea of guilty, and sentencing him to an indeterminate term of imprisonment of 2⅓ to 7 years.

Judgment affirmed.

Defendant's sole claim of error involved the sufficiency of the allocution conducted upon his guilty plea and was not preserved for our review by motion to withdraw his plea prior to the imposition of his sentence (*People v Pellegrino,* 60 NY2d 636; *People v Harris,* 100 AD2d 853, mod on other grounds 106 AD2d 461). Furthermore, the failure of the trial court to obtain a factual recitation from the defendant where neither the record nor the defendant's own contentions indicate any basis to question the defendant's guilt or the propriety of his plea does not warrant reversal (*People v Nixon,* 21 NY2d 338, 350, cert den *sub nom. Robinson v New York,* 393 US 1067).

Nor does the record indicate that the court abused its discretion in imposing an indeterminate sentence of 2⅓ to 7 years' imprisonment. Sentencing courts are accorded a wide latitude of discretion in the imposition of a sentence within the statutory parameters of the crime committed. Often the determination involves competing considerations which are not readily apparent from the record (*People v Suitte,* 90 AD2d 80). In this case we see no reason to substitute our discretion for that of the sentencing court. Lazer, J. P., Mangano, Gibbons and Niehoff, JJ., concur.