■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP SCHRON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered January 30, 1984, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and sentencing him to an indeterminate term of imprisonment of six years to life.

Judgment affirmed.

On this appeal, the defendant contends that his plea of guilty should be vacated since he was not advised, at the taking of the plea, of his rights to testify on his own behalf and to have the jury's verdict be unanimous before he could be convicted. Having failed either to move to withdraw his plea on this ground

prior to the imposition of sentence or subsequent thereto pursuant to CPL 440.10, the defendant has not preserved for appellate review the sufficiency of the plea allocution (*see,* CPL 470.05 [2]; *People v Hoke,* 62 NY2d 1022; *People v Pellegrino,* 60 NY2d 636; *People v Mattocks,* 100 AD2d 944; *People v Ortiz,* 105 AD2d 809). In any event, were we to review this issue in the interest of justice, vacatur would not be required inasmuch as the allocution satisfied the requirements of *People v Harris* (61 NY2d 9; *see, People v Velasquez,* 107 AD2d 726).

Nor is there any merit to the defendant's claim that his sentence, which was imposed in accordance with the plea agreement (*see, People v La Lande,* 104 AD2d 1052; *People v Nelson,* 104 AD2d 1055; *People v Kazepis,* 101 AD2d 816), was unduly harsh and excessive. Moreover, we find no basis to modify the sentence in the interest of justice (*see, People v Suitte,* 90 AD2d 80). Gibbons, J. P., Weinstein, Brown and Eiber, JJ., concur.