■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD HYMAN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered October 31, 1983, convicting him of manslaughter in the first degree, upon his plea of guilty, and sentencing him to an indeterminate term of imprisonment of 6 to 18 years.

Judgment affirmed.

On this appeal, the defendant contends that his plea of guilty should be vacated because he was not advised during the taking of the plea of his right "to testify in his own behalf". Having failed either to move to withdraw his plea on this ground prior to the imposition of sentence or to vacate the judgment pursuant to CPL 440.10, the defendant has not preserved this issue for appellate review (*see,* CPL 470.05 [2] *People v Hoke,* 62 NY2d 1022; *People v Pellegrino,* 60 NY2d 636; *People v Ortiz,* 105 AD2d 809; *People v Carrisquello,* 106 AD2d 513). Moreover, were we to review this issue in the interest of justice, vacatur would not be required because the allocution satisfied the requirements of *People v Harris* (61 NY2d 9).

The defendant also contends that his sentence is unduly harsh and excessive and should therefore be modified. The sentence, however, was imposed in accordance with the plea agreement (*see, People v La Lande,* 104 AD2d 1052; *People v Nelson,* 104 AD2d 1055; *People v Kazepis,* 101 AD2d 816). Moreover, we find no basis for modification in the interest of justice (*see, People v Suitte,* 90 AD2d 80).

Finally, we have reviewed the contentions raised by the defendant in his *pro se* brief and find them to be without merit (*see, People v Brown,* 45 NY2d 852; *People v Johnson,* 105 AD2d 711). Mollen, P. J., Titone, Lazer and Thompson, JJ., concur.