■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES R. DOBY, Also Known as BRYAN CLEVERIE, Appellant. ■

Defendant's plea of guilty operated as a waiver of his claimed statutory right to dismissal of the indictment on the ground that the People were not ready for trial within the period prescribed by CPL 30.30 (*People v Suarez,* 55 NY2d 940; *People v Galante,* 91 AD2d 690). Moreover, no denial of defendant's constitutional right to a speedy trial has been demonstrated (*see, People v Taranovich,* 37 NY2d 442).

Defendant further contends that the court erred in accepting his guilty plea without making further inquiries upon his statements during the plea allocution. By failing to apply to the court of first instance to withdraw his plea or to vacate the judgment of conviction, the defendant has not preserved any issue of law as to the sufficiency of the plea allocution (*People v Pellegrino,* 60 NY2d 636; *People v Mattocks,* 100 AD2d 944). In any event, the record discloses that the allocution was sufficient (*People v Harris,* 61 NY2d 9; *People v Nixon,* 21 NY2d 338, *cert denied sub nom. Robinson v New York,* 393 US 1067).

We have examined defendant's remaining contentions and find them to be without merit. Mollen, P. J., Mangano, Thompson and O'Connor, JJ., concur.