■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID VEGA, Appellant.

On this appeal, defendant contends that his plea of guilty should be vacated since he was not advised, at the taking of the plea, of his right to testify in his own behalf. Having failed either to move to withdraw his plea on this ground prior to the imposition of sentence or subsequent thereto pursuant to CPL 440.10, defendant has not preserved for appellate review the sufficiency of the plea allocution (*see,* CPL 470.05 [2]; *People v Hoke,* 62 NY2d 1022; *People v Pellegrino,* 60 NY2d 636; *People v Mattocks,* 100 AD2d 944; *People v Ortiz,* 105 AD2d 809). Moreover, were we to review this issue in the interest of justice, vacatur would not be required inasmuch as the allocution satisfied the requirements of *People v Harris* (61 NY2d 9; *see, People v Schron,* 109 AD2d 762; *People v Velasquez,* 107 AD2d 726). Lazer, J. P., Gibbons, O'Connor and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES VREDENBURG, Appellant.

It was not error for Criminal Term to deny a motion for mistrial brought by defense counsel after a prosecution witness volunteered that he had been asked to take a polygraph test. The court immediately sustained the objection and issued a prompt curative instruction. This corrected the error and minimized the prejudice which otherwise might have resulted from the unsolicited remark (*see, People v Timmons,* 95 AD2d 955).

We have considered defendant's remaining contentions and find them to be either meritless or harmless error in view of the overwhelming evidence of guilt. Mollen, P. J., Mangano, Thompson and O'Connor, JJ., concur.