■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BUTLER, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered June 6, 1983, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence. This appeal brings up for review the denial, after a hearing, of that branch of defendant's omnibus motion which was to suppress statements (Groh, J.).

Judgment affirmed.

At approximately 2:30 P.M. on August 11, 1982, Officer Richard Messerschmitt and his partner responded to a radio call of a burglary in progress. When they arrived at the scene, a fellow officer gave Messerschmitt a detailed description of the two burglars which had come from a private citizen who provided a basis for the information given. After about four minutes of searching the area in their car, the officers saw two men, one of them the defendant, who fit the description exactly. The two men ran when Officer Messerschmitt identified himself as a police officer and told them to halt, and defendant was arrested by Messerschmitt after a short pursuit. Upon searching defendant after the arrest, the officer recovered, among other things, a change purse, containing money, which was shortly thereafter identified by the complainant. After being given his *Miranda* warnings, defendant waived his rights and voluntarily stated that "I was in there but I didn't do anything; George took the stuff".

Defendant's contentions on appeal that his statements were triggered by improper police conduct or were obtained in violation of his rights are without support in the record (*People v Brooks*, 110 AD2d 650). Furthermore, we find that the officer had probable cause to arrest the defendant. No challenge was made to the reliability of the information provided by Messerschmitt's fellow officer (*People v Ward*, 95 AD2d 233, 239-240), and the record supports a finding that Messerschmitt had probable cause to believe that defendant had in fact committed a crime (*People v De Bour*, 40 NY2d 210, 233; *People v Cantor*, 36 NY2d 106).

Defendant contends that the court erred in accepting his guilty plea without making inquiries concerning statements made by him during the plea allocution. By failing to apply to the court of first instance to withdraw his plea or to vacate the judgment of conviction, the defendant has not preserved any issue of law as to the sufficiency of the plea allocution (*People v Pellegrino*, 60 NY2d 636; *People v Mattocks*, 100 AD2d 944). In any event, the record discloses that the allocution was sufficient (*People v Harris*, 61 NY2d 9; *People v Nixon*, 21 NY2d 338, *cert denied sub nom. Robinson v New York*, 393 US 1067).

In addition, there is no indication in the record that defendant lacked meaningful representation by counsel (*People v Baldi*, 54 NY2d 137, 146; *People v Bonk*, 83 AD2d 695).

We have examined defendant's remaining contentions and find them to be without merit. Mangano, J. P., Gibbons, Bracken and Kunzeman, JJ., concur.