■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MEJIA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered January 28, 1983, convicting him of robbery in the first degree, upon a plea of guilty, and imposing sentence.

Judgment affirmed.

On this appeal, the defendant contends that his plea of guilty should be vacated inasmuch as the plea allocution failed to indicate that the force used against the victim and the possession of a dangerous instrument were for purposes of effecting the robbery. Having failed either to move to withdraw his plea on this ground prior to the imposition of sentence or subsequent thereto pursuant to CPL 440.10, the defendant has not preserved for appellate review the sufficiency of the plea allocution *(see,* CPL 470.05 [2]; *People v Hoke,* 62 NY2d 1022; *People v Pellegrino,* 60 NY2d 636; *People v Schron,* 109 AD2d 762; *People v Mattocks,* 100 AD2d 944). In any event, were we to review this issue in the interest of justice, vacatur would not be required inasmuch as the allocution satisfied the requirements of *People v Harris* (61 NY2d 9; *see, People v Velasquez,* 107 AD2d 726).

Nor is there any merit to defendant's alternative claim that his sentence, which was imposed in accordance with the plea agreement *(see, People v La Lande,* 104 AD2d 1052; *People v Nelson,* 104 AD2d 1055; *People v Kazepis,* 101 AD2d 816), was unduly harsh and excessive. Moreover, we find no basis to modify the sentence in the interest of justice *(see, People v*

*Suitte,* 90 AD2d 80). Bracken, J. P., Weinstein, Kunzeman and Kooper, JJ., concur.