THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
WARREN MICHAEL WILDER, Also Known as MICHAEL WILDER, Appellant█

█

This appeal brings up for review Criminal Term's ruling after a *Huntley* hearing, which denied the defendant's application to preclude the prosecution from admitting into evidence an audio tape recording of his statements made to the police during custodial interrogation concerning his involvement in the robbery, rape and sodomy of a woman at gunpoint in a Queens subway station at about 4:15 A.M. on December 19, 1980. The defendant contends that his recorded statements were inadmissible on two grounds: (1) the interrogating detectives had notice prior to the recording of his statement that he had a pending unrelated criminal matter, and (2) the District Attorney failed to give defense counsel notice of the tape's existence as required under CPL 710.30.

It is well settled that great weight should be accorded to the determination of the suppression court which had the opportunity to see and hear the witnesses testify, and which, in this case, listened to the challenged recording together with counsel prior to rendering its ruling *(see, People v Prochilo,* 41 NY2d 759, 761). The record indicates that the detectives testified that they had no knowledge of the defendant's pending unrelated case until after he had twice recited his version of the events of December 19, 1980. In response to questioning following his confession, near the conclusion of his recorded statements, the defendant revealed that he was scheduled for trial on unrelated charges. The only evidence challenging the detectives' testimony is the defendant's own testimony during the hearing. On this record, it cannot be concluded that the hearing court erred in determining that the police did not have notice, prior to obtaining the defendant's statements, that he was represented by counsel on an unrelated matter. Under these circumstances, there was no obligation upon the detectives to inquire as to the defendant's legal representation prior to obtaining his statements with respect to the subject incident *(see, People v Bartolomeo,* 53 NY2d 225).

Additionally, the hearing court correctly rejected the defendant's further contention that the recorded statements should have been excluded from evidence based upon the People's conceded failure to provide defense counsel with a copy of the recording prior to the suppression hearing. Defense counsel conceded during the hearing that in response to the defendant's demand for a bill of particulars, the District Attorney served notice that the People intended to offer at trial statements made by the defendant, and provided the substance of these statements. Moreover, in response to defense counsel's complaints concerning the delay in receiving notice of the existence of the tape recording, the hearing court offered to adjourn or recess the hearing, but counsel declined the offer. The record indicates that the defendant was not prejudiced in any way, as defense counsel was afforded sufficient opportunity to listen to the recording and challenge the voluntariness of the defendant's statements. Under these circumstances, the hearing court's denial of that branch of the defendant's omnibus motion which was to suppress the tape was proper *(see,* CPL 710.30; *People v Harris,* 25 NY2d 175, *affd* 401 US 222; *People v Remaley,* 26 NY2d 427, 429, *cert denied* 400 US 948).

With respect to the defendant's contention challenging the sufficiency of the allocution conducted upon his guilty plea, this issue was not preserved for our review as the defendant

failed to move to withdraw his plea prior to the imposition of his sentence *(see, People v Pellegrino,* 60 NY2d 636; *People v Yarrish,* 107 AD2d 836). Moreover, there is no basis to reverse the judgment and vacate the plea in the interest of justice since the record indicates that the defendant knowingly, voluntarily and intelligently relinquished his rights by pleading guilty to the charges *(see, People v Harris,* 61 NY2d 9).

Finally, the defendant pleaded guilty with the understanding that he would receive the sentence thereafter imposed, and he thus has no basis to complain that the sentence is unduly harsh and excessive *(see, People v Kazepis,* 101 AD2d 816), particularly in view of the seriousness of the crimes and the defendant's background. Mollen, P. J., Brown, Niehoff and Kooper, JJ., concur.