■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN FUENTES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Felig, J.), rendered February 19, 1980, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant did not move to withdraw his plea prior to the imposition of sentence, and his claim that the plea allocution was deficient is therefore unpreserved *(see, People v Merritt*, 112 AD2d 325; *People v Yarrish*, 107 AD2d 836; *People v Harris*, 106 AD2d 461). His subsequent motion to vacate the judgment of conviction does not preserve such a claim *(see, People v Pascale*, 48 NY2d 997; *People v McKenzie*, 88 AD2d 646).

Reversal in the interest of justice is not warranted under the circumstances. The defendant pleaded guilty to felony murder after this court had reversed his initial conviction on a plea to the same indictment *(see, People v Fuentes*, 72 AD2d 550) because the court had not made an inquiry *(see, People v Serrano*, 15 NY2d 304; *People v Harris, supra; People v Riley*, 91 AD2d 671) when the defendant's allocution raised the possibility that the statutory affirmative defense to felony murder (Penal Law § 125.25 [3]) was available to him. Since as a result of the appeal the defendant was clearly aware that this defense might be available to him, his decision to plead guilty and thereby waive his right to present the defense at trial was knowing and voluntary, as the colloquy at his second plea and sentence confirms, and the interest of justice does not require reversal *(see, People v Demonde*, 111 AD2d 867; *People v Santiago*, 100 AD2d 857; *People v Moore*, 91 AD2d 1050).

The defendant's claim that the sentence imposed was excessive is without merit. The sentence he received, 15 years to life, is the minimum permitted for the crime of murder in the second degree *(see, Penal Law § 70.00 [2], [3] [a] [i]; § 125.25) and therefore cannot be reduced as a matter of discretion *(see, People v Ortiz*, 105 AD2d 809). The imposition of such a sentence under the circumstances here is not unconstitutional *(see, People v Donovan*, 59 NY2d 834; *People v Jones*, 39 NY2d 694). Thompson, J. P., Bracken, Rubin and Spatt, JJ., concur.