■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLENE BURNETTE, Also Known as CHARLENE BURNETT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered December 13, 1984, convicting her of criminal possession of a controlled substance in the second degree, upon her plea of guilty, and imposing sentence. The appeal brings up for review the denial (Farlo, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by her to a law enforcement officer.

Ordered that the judgment is affirmed.

The defendant's challenge to the sufficiency of her plea allocution has not been preserved for appellate review since she did not move to withdraw her plea prior to sentencing *(see, People v Fuentes,* 125 AD2d 328). Nor is reversal in the interest of justice required as the record reveals that the defendant knowingly, intelligently and voluntarily waived her rights and pleaded guilty *(see, People v Harris,* 61 NY2d 9). Moreover, by pleading guilty to a lesser included offense, the defendant forfeited her right to challenge the factual basis for the plea *(see, People v Pelchat,* 62 NY2d 97, 108; *People v Clairborne,* 29 NY2d 950, 951).

We further hold that the arresting officer's question to the defendant made at the time of her arrest was not for the purpose of eliciting an incriminating response but "was designed to clarify the nature of the situation confronted" *(People v Huffman,* 41 NY2d 29, 34). The hearing court, therefore, properly declined to suppress the defendant's statement made in response to the officer's question *(see, People v Huffman, supra; People v Rosen,* 112 AD2d 253).

Lastly, we note that the sentence imposed was the one for

which the defendant freely bargained. Accordingly, she has no basis to complain that her sentence is excessive *(see, People v Kazepis,* 101 AD2d 816). Thompson, J. P., Niehoff, Kunzeman and Sullivan, JJ., concur.