**93** THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEBRA SYMMONDS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Brien, J.), rendered November 1, 1983, convicting her of robbery in the first degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

By failing to make a motion in the court of first instance to withdraw her plea, the defendant has failed to preserve for review the issue of the sufficiency of the plea allocution (see, People v Fuentes, 125 AD2d 328; People v Pellegrino, 60 NY2d 636; People v Santiago, 100 AD2d 857). Nor is reversal warranted in the interest of justice inasmuch as the plea allocution satisfied the requirements of People v Harris (61 NY2d 9; see also, People v Buckhannon, 108 AD2d 818; People v Velasquez, 107 AD2d 726).

In view of the facts that the victim of the robbery was killed and that the bargained-for sentence was further reduced upon the discovery of the defendant's poor health, it cannot be said that the sentence imposed was inappropriate (see, People v Suitte, 90 AD2d 80). We have reviewed the defendant's remaining contention and find it to be without merit. Thompson, J. P., Niehoff, Weinstein, Kunzeman and Spatt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTIS THOMAS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Potaker, J.), rendered January 24, 1984, convicting him of robbery in the second degree (four counts), criminal possession of stolen property in the third degree (two counts), and grand larceny in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf. People v Gonzalez, 47 NY2d 606). Thompson, J. P., Niehoff, Weinstein, Kunzeman and Spatt, JJ., concur.