THE PEOPLE OF·THE STATE OF NEW YORK, Respondent, v ELMORE HARRIS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered August 29, 1991, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

On February 7, 1990, the defendant arranged to sell one-eighth of a kilo of cocaine to a buyer who was a confidential informant for the police. On January 14, 1991, the defendant was indicted for criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. The defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree in full satisfaction of the indictment.

During the plea colloquy, the defendant stated that, prior to the sale, the buyer had owed the defendant "a large sum of money". The defendant further stated that he arranged the sale in order that the buyer could resell the cocaine and use the profits therefrom to repay the defendant. Without further inquiry into the matter the court accepted the defendant's plea.

Subsequent thereto, but prior to the imposition of sentence, the defendant moved to vacate his previously-entered plea of guilty *(see,* CPL 220.60 [3]). On September 16, 1991, the court denied the defendant's motion.

On appeal the defendant argues that his statements during the plea colloquy cast doubt upon his guilt and also raised the

possibility of an agency defense. As a result, the defendant contends that the court should have allowed him to withdraw his plea of guilty prior to the imposition of sentence.

It is well settled that where a plea colloquy creates doubt concerning a defendant's guilt, the defendant must be permitted to withdraw his plea *(see, People v Nixon,* 21 NY2d 338; *People v Serrano,* 15 NY2d 304; *People v Greenblatt,* 72 AD2d 587). Additionally, "where the defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt * * * the trial court has a duty to inquire further to ensure that defendant's guilty plea is knowing and voluntary" *(People v Lopez,* 71 NY2d 662, 666; *see also, People v Harris,* 106 AD2d 461).

In the case at bar, however, the defendant's plea allocution did not create or cast significant doubt upon the defendant's guilt. The defendant's statements clearly demonstrate that he arranged the sale and intended to complete the transaction, particularly since he believed that it was a means by which he could be repaid the money which he allegedly had loaned to his friend months earlier. At most, the defendant's factual recitation shows that he was, perhaps, persuaded into selling the cocaine, but mere persuasion does not cast doubt on either the defendant's knowledge or his intention to sell the cocaine. Moreover, when a defendant pleads guilty to a lesser crime "a factual basis for the particular crime confessed" is unnecessary *(see, People v Clairborne,* 29 NY2d 950, 951; *see also, People v Pelchat,* 62 NY2d 97).

We also conclude that the defendant's plea allocution did not raise the possibility of an agency defense. The essence of this defense is a defendant's claim that he did not actually sell drugs but merely facilitated the transaction for the buyer or acted for the buyer's benefit *(see, People v Lam Lek Chong,* 45 NY2d 64; *People v Argibay,* 45 NY2d 45). However, the defendant's version of the transaction does not make out a case where the defendant simply purchased and delivered a small quantity of drugs to accommodate a friend, without any commercial interest in the sale *(see, People v Lam Lek Chong,* 45 NY2d 64, *supra).* In addition, the defendant made no reference to his acting on behalf of any other individual. The defendant clearly acknowledged that he arranged the sale of a rather large quantity of cocaine in order to receive a substantial benefit for himself, i.e., the repayment of his loan to the buyer. Under these circumstances, no possible agency defense was set forth and the court was under no duty to make

further inquiry before accepting the defendant's guilty plea *(see, People v Lam Lek Chong,* 45 NY2d 64, *supra).*

We also find that the defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions and find them to be without merit. O'Brien, J. P., Copertino, Pizzuto and Santucci, JJ., concur.