■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSBORNE SMITH, Also Known as JAMAICAN TOM, Appellant.— Judgment unanimously affirmed. Memorandum: Defendant's recitation of the facts did not cast significant doubt upon his guilt of criminal sale of a controlled substance or otherwise call into question the voluntariness of his plea. Because the plea allocution did not support the availability of an agency defense, the court was under no duty to make further inquiry before accepting the plea (see, People v Lopez, 71 NY2d 662, 666; People v Harris, 186 AD2d 677; People v Mateo, 168 AD2d 639, lv denied 77 NY2d 880; People v Gaither, 153 AD2d 587, 588, lv denied 74 NY2d 896). Further, the plea minutes establish that defendant, after being advised by counsel that he could "conceivably" raise an agency defense, chose not to pursue the defense and agreed to plead guilty. Under the circumstances, the court properly accepted the plea without further inquiry (see, People v Winters, 177 AD2d 1041, lv denied 79 NY2d 954).

The sentence imposed is neither harsh nor excessive. (Appeal from Judgment of Orleans County Court, Punch, J.— Criminal Sale Controlled Substance, 5th Degree.) Present— Green, J. P., Pine, Boehm, Fallon and Doerr, JJ.

■  In the Matter of TILLMAN HUDSON, Respondent, v ELIDA VILLA, Also Known as KATHY GONZALEZ, Appellant.— Case held, decision reserved, motion to relieve counsel of assignment granted, and new counsel to be assigned. Memorandum: Respondent's attorney was assigned to perfect this appeal from an order of Herkimer County Family Court, entered July 5, 1990, which, among other things, awarded custody of the parties' daughter to petitioner. She has moved to be relieved of this assignment on the ground that no nonfrivolous issues exist on the appeal and has submitted an affidavit purporting to state all points that may arguably provide a basis for appeal. We find that there are at least two issues that are nonfrivolous: whether the court correctly determined that Herkimer County rather than Dutchess County was the proper venue for this proceeding, and whether the custody award was in the child's best interest.

We, therefore, relieve counsel of her assignment and assign new counsel to file a brief addressing the above issues and any other nonfrivolous issues found by counsel upon a review of the record. (Appeal from Order of Herkimer County Family Court, LaRaia, J.—Custody.) Present—Green, J. P., Pine, Boehm, Fallon and Doerr, JJ.