■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM FLAKES, Appellant. [657 NYS2d 936] —Appeal by the defendant from a judgment of the County Court, Orange County (Byrne, J.), rendered February 8, 1996, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends, *inter alia,* that the New York State Troopers unlawfully stopped his car, and that all evidence which was obtained as a result of the improper stop should therefore be suppressed. However, by pleading guilty prior to the conclusion of the suppression hearing, the defendant forfeited his right to appellate review of these issues *(see, People v Fernandez,* 67 NY2d 686; *People v Ramos,* 232 AD2d 433; *People v Britton,* 208 AD2d 761; *People v Navedo,* 137 AD2d 726).

The defendant further contends that his plea of guilty must be vacated. However, by failing to either move to withdraw his plea prior to sentencing or to vacate the judgment pursuant to CPL 440.10, he has failed to preserve this matter for appellate review *(see, People v Williams,* 156 AD2d 497; *People v Hyman,* 109 AD2d 803; *People v Velasquez,* 107 AD2d 726). In any event, a guilty plea is not rendered invalid solely because the trial court failed to specifically enumerate all the rights to which the defendant was entitled and to elicit from the defendant a list of detailed waivers *(see, People v Harris,* 61 NY2d 9, 16). Here, the record reveals that the defendant knowingly, voluntarily, and intelligently pleaded guilty *(see, People v Harris, supra).* There is no merit to the defendant's contention that he was denied the effective assistance of counsel *(see, People v Ford,* 86 NY2d 397, 404). Miller, J. P., Sullivan, Santucci and Joy, JJ., concur.